**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOSHUA RAY TYNER,

Plaintiff,

v.

WES MOORE,
ANTHONY BROWN, and
LAURA HERRERA SCOTT,

Defendants.

Civil Action No. 24-3705-PX

**MEMORANDUM ORDER**

Pro se plaintiff Joshua Ray Tyner, an inmate housed at the State Correctional Institution in Waymart, Pennsylvania, filed suit against defendants Maryland Governor Wes Moore, State Attorney General Anthony Brown, and State Secretary of Health Laura Herrera Scott, in their official capacities, challenging the constitutionality of the Maryland Family Law "exceptional circumstances" clause, Md. Cod. Ann. Fam. L. § 5-323(b), as applied to the termination of Tyner's parental rights. ECF No. 1 at 2-3. Defendants move to dismiss the Complaint for lack of jurisdiction and failure to state a claim. ECF No. 9. The motion is fully briefed, and the Court needs no hearing.[1] ECF Nos. 11, 13, 14. *See* Md. Loc. R. 105.6. For the following reasons, the motion is granted and the Complaint is dismissed without prejudice for lack of jurisdiction.

Tyner has filed two prior lawsuits in this Court regarding the termination of his parental rights. *See Tyner v. Dagilas*, Civ. No. DLB-19-2529 ("*Tyner I*") and *Tyner v. State of Maryland, et al.*, Civ. No. DLB-23-1474 ("*Tyner II").* Tyner also admits that this suit concerns "the same facts as in [*Tyner II*]." ECF No. 1 at 1. The Complaint brings the identical challenge as in *Tyner*

---

[1] Tyner also moved for additional time to respond, ECF No. 12, which the Court grants *nunc pro tunc*.

*II* against identical defendants, Governor Moore and Attorney General Brown. The Court has reviewed *Tyner II* and wholly agrees with Judge Boardman that the Defendants enjoy Eleventh Amendment immunity from suit for which no exception applies. *Tyner II*, ECF No. 18. Accordingly, the Court adopts Judge Boardman's decision in total and incorporates it herein. Because Tyner has made no materially different arguments to defeat immunity, this suit must be dismissed on identical grounds. *Id.* *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); M*cCray v. Md. Dep't of Transp., Md. Transit Admin*., 741 F.3d 480, 483 (4th Cir. 2014); *Bland v. Roberts*, 730 F.3d 368, 389 (4th Cir. 2013); *Constantine v. Rectors and Visitors of George Mason Univ*., 411 F.3d 474, 479 (4th Cir. 2005).

As to the new defendant, Laura Herrera Scott, Tyner had attempted to add her *in Tyner* II which Judge Boardman denied as futile because immunity barred suit against her. *Tyner II*, ECF No. 18 at 8. The Court agrees that Scott, too, is immune from suit, and no Complaint facts make plausible any exception to such immunity.

Last, because Eleventh Amendment immunity implicates this Court's power to hear the case, the Court cannot reach the merits of the claims. *See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (citations omitted). Thus, dismissal must be without prejudice. *Id.*

For the above stated reasons, it is this 8th day of September 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 9, IS GRANTED;
2. The Complaint IS DISMISSED without prejudice for lack of jurisdiction;
3. Tyner's Motion for Extension of Time, ECF No. 12, IS GRANTED nunc pro tunc,

4. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Tyner and to counsel; and

5. CLOSE this case.

9/8/26
Date

/s/
Paula Xinis
United States District Judge